UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVID GRIST,

                Petitioner,                            **MEMORANDUM AND ORDER**
                                                                                 13-CV-5806 (RRM)

      - against -

P. GRIFFIN, Superintendent,

                Respondent.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On October 21, 2013, petitioner David Grist, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction in the New York State Supreme Court, Kings County, for grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, in connection with his stealing a wallet containing at least one bank card.  (*See* Pet. (Doc. No. 1)*.*) Also on October 21, 2013, petitioner moved this Court to stay his petition until the state court adjudicates his motion for post-conviction relief pursuant to N.Y. Crim. P. L. § 440.10 (the "440 Motion").  (*See* Mot. for Stay, Doc. No. 2.)  For the reasons that follow, petitioner's motion for a stay is denied, and the petition is dismissed without prejudice.

## BACKGROUND

      On November 25, 2009, petitioner was sentenced to concurrent terms of imprisonment of fifteen years to life on his convictions for grand larceny and criminal possession of stolen property, and one year on his conviction for criminal mischief.  Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department, arguing that (1) the evidence was legally insufficient to establish that he stole a credit card; (2) the court abused its discretion in granting the prosecution's application to amend the

1

indictment to change the description of the property petitioner stole from "Credit cards" to "a credit card or debit card"; and (3) the sentencing court abused its discretion in sentencing petitioner as a persistent felony offender. *People v. Grist*, 950 N.Y.S.2d 782, 783 (N.Y. App. Div. 2012). On September 12, 2012, the Second Department affirmed petitioner's conviction, and on February 19, 2013, the New York Court of Appeals denied leave to appeal. *People v. Grist*, 985 N.E.2d 922 (N.Y. 2013).

On June 13, 2013, petitioner filed his 440 Motion, arguing that he is entitled to post-conviction relief because (1) prosecution witnesses lied to the grand jury about what they witnessed; (2) the prosecution knowingly failed to correct this testimony; (3) the prosecution falsely informed the grand jury that petitioner had stolen a wallet containing several credit cards, when in fact the wallet contained only one ATM card; and (3) petitioner's trial counsel was ineffective for failing to file an omnibus motion. (*See* Pet. at ¶¶ 11–12.) This 440 Motion is still pending in state court.

On October 21, 2013, petitioner filed the instant petition, along with his motion for a stay, alleging that (1) the grand jury proceedings were defective because the arresting officer testified falsely that he recovered a stolen bank card from petitioner, and the prosecution alleged incorrectly that this bank card was a credit card; (2) petitioner received ineffective assistance from trial counsel, who failed to file any pretrial motions and to cross-examine prosecution witnesses concerning their grand jury testimony; and (3) the sentencing court abused its discretion in sentencing petitioner as a persistent felony offender. Petitioner exhausted only the last claim in his direct appeal.

In support of his motion for a stay, petitioner explains that his 440 Motion is pending, and he is "asking for a stay of the proceeding so I can have it argue[d] all at once." (Mot. for Stay at

1.) On November 1, 2013, this Court directed respondent to show cause, in writing, why the Court should not grant petitioner's motion for a stay and abeyance. On November 27, 2013, respondent filed its opposition to petitioner's motion.

## DISCUSSION

As a general rule, a petitioner may bring habeas claims pursuant to § 2254 only if he has first exhausted his state court remedies as to each claim. A petitioner exhausts his state court remedies by "giv[ing] the state courts a fair opportunity to pass upon his federal claim." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*); *see also Picard v. Connor*, 404 U.S. 270, 276–77 (1971). To have fairly presented his federal claims to the New York courts, "petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye*, 696 F.2d at 191. Claims a petitioner has not presented to the state court are deemed unexhausted. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).

When a petitioner files a "mixed petition" – that is, one containing both exhausted and unexhausted claims – a district court has discretion to proceed in any of four ways. *See Rhines*, 544 U.S. at 273–74. First, the Court may dismiss the entire petition without prejudice so that the petitioner may exhaust his unexhausted claims. This option is appropriate where a dismissal would not jeopardize the petitioner's ability to satisfy the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period. *See Zarvela v. Artus*, 254 F.3d 374, 380 (2d Cir. 2001). Second, the Court may stay the petition to allow the petitioner to return to state court and exhaust his claims. *See Rhines*, 544 U.S. at 277. This option is available only if (1) the petitioner has shown good cause for failing to exhaust and (2) the unexhausted claims are not plainly meritless. *See id.* Third, the Court may allow the petitioner to delete the unexhausted

claims and proceed with only his exhausted claims. *See Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir. 1988). This option is available only if the "petitioner expressly and unequivocally acknowledged to the district court that he was abandoning his unexhausted claims" and those claims are not intertwined with his exhausted claims. *Id.* Finally, the court may deny a mixed petition on the merits if it determines that the unexhausted claims are meritless. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State."); *see also Velazquez v. Poole*, 614 F. Supp. 2d 284, 311 (E.D.N.Y. 2007). The Court has discretion to decide which of these methods to employ when a petitioner files a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982).

The Court finds that a dismissal without prejudice is appropriate in this case. Petitioner's conviction became final on May 20, 2013, which was ninety days after the Court of Appeals denied leave to appeal. He filed the 440 Motion less than one month later, on June 13, 2013, and that motion stays the one-year AEDPA limitations period. Accordingly, after the state court rules on petitioner's 440 Motion, he will have more than eleven months to file a new habeas petition containing only exhausted claims to this Court. *See* 28 U.S.C. § 2244(d)(2); N.Y. Crim. P. L. § 440.10; *Pratt v. Greiner*, 306 F.3d 1190, 1191 (2d Cir. 2002). In fact, it appears that petitioner has far more time remaining than the sixty-day period courts in this Circuit consider sufficient to warrant dismissal without prejudice. *See Zarvela*, 254 F.3d at 381–82 (stating that court should grant stay and abeyance only to petitioners "with fewer than 60 days remaining on the limitations period").

Moreover, a stay and abeyance would be improper here, as petitioner has not shown good cause for failing to exhaust his claims. *See Rhines*, 544 U.S. at 277. Proceeding solely on the

exhausted claims would be both inefficient and contrary to petitioner's wishes. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation."). Considering the unexhausted claims on the merits would be premature. *See McCrae v. Artus*, 10 CV 2988, 2012 WL 3800840, at *8 (E.D.N.Y. Sept. 2, 2012). In light of these concerns, the most appropriate course is to deny petitioner's motion for a stay and dismiss the petition without prejudice.

## CONCLUSION

Accordingly, petitioner's motion for a stay is denied, and the petition for a writ of habeas corpus is dismissed without prejudice. The Clerk of Court is directed to close the case; transmit a copy of this Memorandum and Order, along with the accompanying Judgment, to petitioner via U.S. postal mail; and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      January 30, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge